UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------------------------------x

HEATH BRYANT

         Plaintiff,

**Case No:**

**COMPLAINT**

 -v.-

AARGON COLLECTION AGENCY, INC.

         Defendant.

---------------------------------------------------------------------------x

Plaintiff Heath Bryant ("Plaintiff" or "Duchene") by and through his attorneys, RC Law Group, PLLC as and for its Complaint against Defendant Aargon Collection Agency, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Indian River, with a mailing address at po box 2106, Vero beach, Florida, 32961.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in

1

the FDCPA, with an address at 8668 Spring Mountain Road, Las Vegas, Nevada 89117.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around March 17, 2016 the Plaintiff received a collection letter from Defendant.

10. The letter states: "The amount may very due to payments and/or accrual of interest. Because of interest that may vary from day to day the amount due on the day you pay may be greater."

11. Defendant is aware that during the collection of this debt the balance will not vary at all and stating that it may increase is merely a deceptive collection tactic.

12. Defendant is aware that during the collection of this debt the balance will not vary at all and stating that it may increase is a completely false threat.

13. Additionally the collection letter that included collection costs for paying with a credit card.

14. Plaintiff did not agree to such a collection charge.

15. The addition of this collection fee by Defendant, which was not authorized by the agreement creating the debt or permitted by law, was an attempt to collect an amount not owed by Plaintiff

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION

### (Violations of the FDCPA)

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f.

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    a)     For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

    b)     For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c)     For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

    d)     A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this March 17, 2017

        */s/Michael Jay Ringelheim*
        **RC Law Group, PLLC**
        By:  Michael Jay Ringelheim, Esq.
        Florida Bar No.: 93291
        285 Passaic Street
        Hackensack, NJ 07601
        Phone: 201.282.6500 Ext. 254
        Fax: 201.282.6501
        mjringelheim@rclawgroup.com
        *Attorneys for Plaintiff*