# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| HEATH BRYANT,<br><br>    Plaintiff,<br><br>  v.<br><br>AARGON COLLECTION AGENCY, INC.,<br><br>    Defendant. | Case No. 2:17-cv-14096-DMM |

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO DISMISS

Plaintiff Heath Bryant ("Ms. Bryant") respectfully submits this Memorandum of Law in opposition to the motion to dismiss ("Motion") filed by defendant Aargon Collection Agency, Inc. ("Defendant").

### PRELIMINARY STATEMENT

By way of the Motion, Defendant seeks to dismiss Ms. Bryant's complaint for lack of subject matter jurisdiction on the basis that Ms. Duchene did not suffer a concrete injury. Defendant further seeks to dismiss Ms. Bryant's Complaint for failure to state a claim for which relief can be granted. The Motion should be denied for the reasons set forth below.

### STATEMENT OF FACTS

On March 17, 2017, Ms. Bryant filed a complaint (the "Complaint") against Defendant, setting forth allegations of deceptive, misleading, and unfair debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA"). The violations stemmed from a March 17, 2016 collection letter Ms. Bryant received from Defendant in which multiple violations of the FDCPA presented. First, Defendant's letter falsely and misleadingly stated that the amount of Ms. Heath's debt may vary due to payments or accrual of interest despite the fact that Ms. Heath's debt had been charged-off and, therefore, could not have continued to accrue interest. This false and misleading statement violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692(f). Second, Defendant's collection letter charged a 2% fee for payments made by a consumer via credit card in violation of 15 U.S.C. §1692f(1).

## STANDARD OF REVIEW

In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction…." Fed. R. Civ. P. 8(a)(1). If the complaint fails to conform to Rule 8(a)(1), the defendant can move to dismiss the complaint under Rule 12(b)(1). *E.g., Anderson v. United States*, 245 F. Supp. 2d 1217, 1221 (M.D. Fla. 2002).

Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of claims for "lack of subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1). A

motion to dismiss under Rule 12(b)(1) may assert either a factual attack or a facial attack to jurisdiction. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal citations omitted). Facial attacks are resolved in the same manner as motions under Fed. R. Civ. P. 12(b)(6), and, as discussed below, assume that the allegations of the Complaint are true. Factual attacks, however, are not limited to the face of the Complaint, and can be based upon matters outside the pleadings, such as testimony and affidavits. *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Where a factual attack is made, as long as the resolution of disputed facts is not intertwined with the merits of the case, the Court may consider the parties' affidavits and other evidence without converting the motion to a motion for summary judgment, and may weigh the evidence to determine whether Plaintiff has met the burden of proving the existence of subject matter jurisdiction. *Lawrence,* 919 F.2d at 1529; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), *cert. denied,* 454 U.S. 897 (1981). In *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003), the Eleventh Circuit cautioned that

> "the district court should only rely on Rule 12(b)(1) '[i]f the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*' *Garcia,* 104 F.3d at 1261 (emphasis added). If a jurisdictional challenge does implicate the merits of the underlying claim then: [T]he proper course of action for the district court ... is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case.... Judicial economy is best promoted when the existence of

> a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits. This refusal to treat indirect attacks on the merits as Rule 12(b)(1) motions provides, moreover, a greater level of protection for the plaintiff who in truth is facing a challenge to the validity of his claim: the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place great restrictions on the district court's discretion.... *Id.* (quoting *Williamson v. Tucker,* 645 F.2d 404, 415-16 (5th Cir. 1981)"

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007); *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1280 (11th Cir. 2004). A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)).

The Eleventh Circuit, in addressing the pleading standard under *Twombly*, has stated that "[t]his rule does not 'impose a probability requirement at the pleading stage.'" *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d at 1309 (citations omitted);

*see also F.T.C. v. 1st Guar. Mortg. Corp.*, No. 09-61840-CIV-SEITZ, 2011 U.S. Dist. LEXIS 38606, at *6 (S.D. Fla. Mar. 30, 2011) ("Dismissal is only appropriate where the plaintiff's factual allegations do not 'raise a right to relief above a speculative level.'"). Instead, the "standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d at 1309-10 (citations omitted). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d at 1310 (citations omitted).

Under Rule 12, the burden rests squarely with the movant to demonstrate that no claim has been stated in the complaint upon which relief can be granted. *Larsen v. AirTran Airways, Inc.*, No. 8:07-cv-442-T-17TBM, 2007 U.S. Dist. LEXIS 58601, 2007 WL 2320592, at *3 (M.D. Fla. Aug. 10, 2007).

## LEGAL ARGUMENT

**I. THE SUPREME COURT RULING IN SPOKEO V. ROBINS DID NOT ALTER PRIOR STANDING JURISPRUDENCE AS TO DEPRIVE PLAINTIFF OF STANDING TO BRING THIS ACTION**

In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the Supreme Court, on appeal from a Ninth Circuit decision, considered whether the Plaintiff had

sufficient injury in fact to support standing under Article III to sue Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* By completely failing to do a concreteness inquiry, the Ninth Circuit's analysis did not comport with Supreme Court precedent which has "made it clear time and again that that an injury in fact must be both concrete *and* particularized." *Id.*

The Court defined a "concrete" injury as one that must actually exist, but is not necessarily synonymous with tangible because intangible injuries can also be concrete. *Id.* at 644-645. The Court went on to explain as follows:

> [I]t is instructive to consider whether an alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts. In addition, because Congress is well positioned to identify intangible harms that meet minimum Article III requirements, its judgment is also instructive and important. Thus, we said in *Lujan* that Congress may "elevat[e] to the status of legally cognizable injuries concrete, de facto injuries that were previously inadequate in law."

> *Id.* at 645 (citations omitted). Further, the Court found that the mere existence of the risk of real harm can satisfy the concreteness requirement. "[J]ust as the common law permitted suit in such instances, the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id.* at 646. In such instance, the Court held that a plaintiff need not allege any additional harm beyond the one identified by Congress relying upon its

prior decisions in *Federal Election Comm'n v. Akins*, 524 U.S. 11 (1998), and *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989) (holding that the inability to obtain information subject to disclosure pursuant to statute is a sufficient injury for Article III standing purposes). *Id*

## II. CONGRESS RECOGNIZED A HARM AND ENACTED THE FDCPA TO PROTECT CONSUMERS AND GAVE CONSUMERS THE ABILITY TO ENFORCE THE ACT THROUGH CLAIMS FOR STATUTORY DAMAGES.

In 1977, Congress enacted the FDCPA for the purpose of "protect[ing] consumers from a host of unfair, harassing, and deceptive debt collection practices." S. Rep. No. 95-382 at 1-2 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695. Congress found that abuse by debt collectors to be a "widespread and serious national problem." *Id.* at 2. Courts across the nation have repeatedly held that the FDCPA does not require proof of actual damages for a consumer to recover statutory damages. *See Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998). This is because often times the injury suffered by Plaintiff "is not any actual economic loss, but rather being subjected to the allegedly unfair and abusive practices of the Collection Defendants." *Brown v. Transurban USA Inc.*, 2015 U.S. Dist. LEXIS 148489 at *34 (E.D. Va. Nov. 2, 2015). Congress made a considered judgment that the protections set forth in the FDCPA were needed to protect

consumers from the abusive practices of debt collectors and the harm those practices pose. Thus, the FDCPA was the articulated kind of statutory right created by Congress which can elevate to a concrete and cognizable injury which may have been previously inadequate at law. Accordingly, the FDCPA violation alone is sufficient to constitute injury in fact without the need for additional harm beyond that identified by Congress.

Ms. Bryant specifically directs this Court's attention to the recent decision of *Duchene v. Aargon Collection Agency, Inc.*, Case No. 8:17-cv-236-JSM-AAS (MDFl. June 2, 2017) (Attached hereto as **Exhibit A**). In *Duchene* the plaintiff alleged violations of 15 U.S.C. §1692e(8). Plaintiff disputed an alleged debt with the defendant debt collector. After receiving her dispute, the defendant re-reported the alleged debt to the credit bureaus but failed to update the status of the debt to "disputed by consumer" despite being required to do so by the FDCPA. Thereafter, the defendant filed a motion to dismiss alleging the plaintiff lacked standing to bring her claim because she failed to show a concrete injury.

The *Duchene* court stated, first, that to prove standing under the FDCPA does not require a plaintiff to allege specific damages flowing from the violation. (*Id.* at 2). "As the Eleventh Circuit recognized…[a] violation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury.'" *Id.* (*citing Church v. Accretive Health, Inc.*,

654 Fed.Appx. 990 (11th Cir. 2016). Additionally, the *Duchene* court looked to the Eleventh Circuit's more recent ruling in *Perry v. Cable News Network, Inc.*, 854 F.3d 1336 (11th cir. 2017). In *Perry*, the Eleventh Circuit found the fact that the plaintiff only alleged harm caused by the violation of the Video Privacy Protection Act ("VPPA") was "sufficient to allege a concrete injury for standing purposes because the structure and purpose of the VPPA provides actionable rights, and a violation of the VPPA constituted a concrete harm. *Id at 1339-1340.*

In ruling in the *Duchene* matter, the Court opined that "Plaintiff has statutorily-created rights under the FDCPA to dispute a debt and have that debt properly reported to credit reporting agencies, so that Plaintiff's credit is not adversely impacted." *Duchene* at 3. While Ms. Bryant is alleging violations of different sections of the FDCPA, her claims are equivalent to those in both *Duchene* and *Perry*. Specifically, she was given the statutory right under the FDCPA to (1) not be provided false information by a debt collector and (2) not be subjected to additional fees and charges by a debt collector. Defendant, here, violated her rights in both aspects and, consequently, subjected Ms. Bryant to concrete injuries, as recognized by the Eleventh Circuit. Accordingly, Ms. Bryant has standing to bring this action.

### III. THE MOTION TO DISMISS SHOULD BE DENIED AS DEFENDANT VIOLATED THE FDCPA

#### A. Defendant's Letter Violates §§1692e, 1692e(2), 1692e(5) and 1692e(10) of the FDCPA.

Section 1692e broadly prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *Miljkovic v. Shafritz & Dinkin, P.A.,* 791 F.3d 1291, 1301 (11th Cir. 2015). "We employ the 'least sophisticated consumer' standard to evaluate whether a debt collector's communication violates §1692e of the FDCPA. *Jeter v. credit Bureau Inc.*, 760 F.2d 1168, 1174 (11th Cir. 1985). "The basic purpose of the 'least sophisticated' consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, *1194 (11th Cir. 2010). "The least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d. Cir. 1993). However, the test has an objective component in that "[w]hile protecting naïve consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness…" *United States v. Nat'l Fin. Servs., Inc.*, 98 F. F.3d 131, 136(4th Cir. 1996)(citing *Clomon*, 988 F.2d at 1319).

15 U.S.C. §1692e(2) prohibits "the false representation of the character, amount or legal status of any debt" in connection with the collection of that debt. Here, Defendant falsely misrepresents the character and amount of the debt by stating that the balance "may vary due to accrual of interest" and "because of interest that may vary from day to day the amount due on the day you pay may be greater." Because this debt has been charged off, the debt will, in fact, <u>never</u> increase due to the accrual of interest because it <u>never</u> will accrue interest. The use of the "interest language" in Defendant's letter is deceptive and misleading to the unsophisticated consumer who would believe that his balance would increase due to the interest accrual and would be deceived into paying to avoid that increase.

Ms. Heath points to the case of *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72 (2d Cir. 2016) where the court found that collection notices were misleading under Section 1692e where the letter notified plaintiffs of their account balances but failed to disclose that the balance could increase due to interest and fees. *Id.* at *3. In so holding the Court of Appeals stated:

> Because the statement of an amount due, without notice that the amount due is already increasing due to accruing interest or other charges, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance to disclose that the balance may increase due to interest and fees. We think that requiring such disclosure best achieves the

> Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as plaintiffs who may hold the reasonable but mistaken belief that timely payment will satisfy their debts.

*Id.* at *76.

The facts here are the inverse of the facts in *Avila* but the holding is true in the Ms. Heath's case. Here, Defendant included language that Ms. Heath's balance may increase due to the accrual of interest but this was an impossibility. Because of this false and deceptive statement the least sophisticated consumer would believe that she had to pay the debt immediately to avoid an increase in the amount of the debt, a falsehood. Stating that the balance of her debt might increase did not allow Ms. Heath to ascertain the balance necessary to pay her debt when, in fact, the amount was static.

Defendant cites to the safe harbor language set forth in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC*, 214 F.3d 872 (7th Cir. 2000). The *Miller* language provides the debt collector with a safe harbor clause to include in a letter where a debtor's balance may increase over time due to the accrual of interest and fees. This is inapplicable in Ms. Heath's case where, in fact, her balance is static and <u>will not</u> increase due to interest and fees. Accordingly, *Miller* does not apply in Ms. Heath's situation, Defendant's letter is misleading and deceptive, and

the motion to dismiss should be denied as Ms. Heath has a cause of action under 15 U.S.C. §1692e and §1692e(2).

The threat to take any action that is not intended to be taken is a violation of the Act. *15 U.S.C. §1692e(5)*. In its March 17, 2016 collection letter Defendant states that the amount of Plaintiff's debt may be increased by interest accruing on the debt. However, Plaintiff's debt in this matter has been charged-off and no interest will accrue on this amount. In fact, the letter even sets forth in a box at the top of the page that "interest accrued: $0.00." To state that the amount Ms. Bryant may owe may vary from day to day due to the accrual of interest is misleading, deceptive and false. It is a false threat to suggest that Defendant will add interest to the balance due on Plaintiff's debt and, therefore, violates §1692e(5).

The use of any false representation of deceptive means to collect or attempt to collect any debt is a violation of the FDCPA. *15 U.S.C. §1692e(10)*. For the same reasons cited above, Defendant's letter violates this section of the FDCPA. Defendant states in its letter that the amount of Ms. Bryant's debt may constantly increase due to the accrual of interest. This is deceptive and a false representation of the status of her account. As previously stated, Ms. Bryant's account had been previously charged-off and would, therefore, never accrue interest. Adding the "accrual of interest" language to its collection letter is simply a deceptive way of scaring Ms. Bryant into paying so that the amount of her debt did not increase from

accrual of interest – something which would never happen. Under the least sophisticated consumer standard, a consumer would easily believe Defendant's false statement that interest was accruing and believe, misguidedly, that the balance of her debt would continue to increase. This clear deception and misrepresentation is a violation of §1692e(10) and the motion to dismiss must be denied.

### B.  Defendant's Letter Violates §§1692f and f(1) of the FDCPA.

Section 1692f of the FDCPA prohibits a debt collector from "using unfair or unconscionable means to collect or attempt to collect any debt." *15 U.S.C. §1692f*. A Section 1692f claim should also be viewed through the lens of the "least-sophisticated consumer." *LeBlanc*, 601 F.3d at 1201. The collection of any amount, including and interest, fee, charge, or expense incidental principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law is a violation of the FDCPA. *Samuels v. Midland Funding, LLC,* 921 F.Supp. 2d 1321, *5 (D.C.Al. Feb. 7, 2013); *15 U.S.C. §1692f(1)*. Here, Defendant's charged a 2% fee for credit card payments. This 2% fee was not authorized by the agreement on the underlying debt or authorized by law and violates §1692f(1).

Defendant cites to case law in other circuits holding that a voluntary charge imposed on a debtor for a selective method of payment is not a violation of the FDCPA because the debtor could choose other payment options for which he did not incur a processing fee. However, the Circuits are split on their decisions in this arena

and other courts have held that simply imposing an unauthorized fee for any payment choice is a violation of §1692f(1).  *See Quinteros v. MBI Associates, Inc.*, 999 F.Supp.2d 434 (E.D.N.Y 2014)(holding a $5.00 processing fee for all credit cards or checks over the phone violated §1692f(1) and §1692e(2)); *Shami v. Nat'l Enter. Sys. (Shami I)*, No. 09-cv-722, 2010 WL 3824151 at *2-4 (E.D.N.Y. Sept. 30, 2010)(plaintiff stated a claim based on collection letter imposing optional credit card payment transaction fee not authorized by agreement or law.); *West v. Costen*, 558 F.Supp. 564 (W.D.Va. March 2, 1982).

Whether Defendant cites to case law or the commentary on the Federal Trade Commission notes, the verbiage of the §1692f(1) is clear and exact.  "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." *Id*.  Defendant does not dispute the fact that the amount it charges consumers is not permitted by the underlying agreement or authorized by law.  Defendant does not dispute the fact that it is benefitting financially every time a consumer pays this additional charge on top of the amount the consumer lawfully owes for the debt.  As a matter of law, Defendant's charge of this fee violates the FDCPA and its motion to dismiss must be denied.

## **CONCLUSION**

For the foregoing reasons, Ms. Bryant respectfully requests that this court

find that she has standing to bring this action for substantive violations of the FDCPA allowing her to pursue this action and deny Defendant's Motion to Dismiss.

**RC LAW GROUP, PLLC**
*Attorneys for Plaintiff*

Dated: June 13, 2017

By: /s/ Michael Jay Ringelheim
Michael Jay Ringelheim, Esq.
Florida Bar No.: 93291
285 Passaic Street
Hackensack, NJ 07601
Telephone: (201) 282-6500
Facsimile:  (201) 282-6501
Email: mringelheim@gmail.com

CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual listed below by ECF/CM procedures on this June 13th, 2017 to:

Scott E. Wortman, Esq.
Warshaw Burstein, LLP
555 Fifth Avenue
New York, NY 10017

Seth P. Robert, Esq.
Brown Robert LLP
150 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301

/s/Michael Jay Ringelheim
Michael Jay Ringelheim, Esq.
Attorney for Plaintiff