UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-14096-CIV-MIDDLEBROOKS/LYNCH

HEATH BRYANT,

    Plaintiff,

v.

AARGON COLLECTION AGENCY, INC.,

    Defendant.
_____

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

    The Defendant, Aargon Agency, Inc., improperly named in the Complaint as Aargon Collection Agency, Inc. ("Aargon" or "Defendant"), by and through its undersigned counsel, submits this memorandum of law in reply to Plaintiff's Opposition [DE 27] (the "Opposition") to Defendant's Motion to Dismiss [DE 20] (the "Motion to Dismiss"), and in further support thereof.

**INTRODUCTION**

    Plaintiff's effort to refocus the litigation is no answer to what's actually alleged in Plaintiff's Complaint. In the first place, Plaintiff is the master of his own Complaint, and it is Plaintiff, not Defendant, that chose to bring a lawsuit with disjointed information and mistaken interpretations of law. Try as he might, Plaintiff cannot rewrite the substance of his claims in opposition papers in order to manufacture claims in line with the FDCPA.

## I. PLAINTIFF'S NEW VERSION OF "FACTS" AND CONFLATION OF LAW

Albeit in a last-ditch fashion, in a desperate attempt to convince this Court to expand the reach of the FDCPA, Plaintiff resorts to conflating applicable law and manufacturing "factual allegations" not found in his Complaint. This *fact free truth telling* includes the following:

1. Plaintiff's opposition alleges that "[b]ecause this debt has been *charged off*, the debt will, in fact, never increase due to the accrual of interest because it never will accrue interest. Opposition, at 11-13 (emphasis added). However, notwithstanding this new factual allegation, Plaintiff's Complaint does not allege, express, or even imply that the underlying debt has been "charged off."

2. Plaintiff's Complaint alleges, in a single cause of action (*disconnected from any facts*), that Defendant's Collection Letter violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f." Complaint, at ¶ 18. Yet the opposition adds an additional allegation, specifically that Defendant's Collection Letter violates 15 U.S.C. § 1692f(1). Opposition, at 2. Here, rather than following the Rules of Civil Procedure, Plaintiff erroneously attempts to use his opposition as a vehicle to amend the complaint in lieu of a pleading.

3. Similarly, Plaintiff's opposition declines to quote the express language of the Collection Letter, instead opting to use a self-serving and non-existent statement, specifically alleging that the Collection Letter states that the "debt may constantly increase due to the accrual of interest." Opposition, at 13. This allegation does not appear anywhere in Plaintiff's complaint, and the Collection Letter speaks for itself. Collection Letter, Motion to Dismiss, at Exhibit A.

4. As will be further elaborated below, Plaintiff's new allegation and novel legal position that a charged off account can never accrue interest is entirely inaccurate. Opposition, at 11-13.

5. Notwithstanding Plaintiff's attempt to conflate Defendant's position by nonchalantly exchanging the phrase "injury in fact" for "proof of actual damages" "[t]he irreducible constitutional minimum of standing comprises three elements: injury in fact, causation, and redressability." Nicklaw v. Citimortgage, Inc., 839 F.3d 998, 1001 (11th Cir. 2016) (*citations omitted*). Additionally, beyond the fact that the Complaint does not even attempt to support a connection between Plaintiff's alleged "injury" and the five separate sections of the FDCPA allegedly violated by Defendant, Plaintiff's exclusive reliance on pre-Spokeo[1] case law in support of this mistaken position is unavailing.

6. Equally unavailing, is Plaintiff's reliance on Church v. Accretive Health, Inc., 654 F. App'x 990 (11th Cir. 2016) (*summary order*), which is a *non-precedential* and unpublished decision by the 11th Circuit,[2] that was explicitly rejected several months later by Nicklaw v. Citimortgage, Inc., 839 F.3d 998, 1001 (11th Cir. 2016).

7. Plaintiff's argument that he has standing to bring this action rests on a misapplication of a recent unpublished and non-binding decision from the Middle District of Florida. Opposition, at 8-9, *citing* Duchene v. Aargon Collection Agency, Inc., No. 8:17-CV-236-T-30AAS, 2017 WL 2402464 (M.D. Fla. Jun. 2, 2017). While the decision appears to directly contravene the precedential holdings in Nicklaw, *supra,* and Spokeo, *supra*, unlike the instant matter, the defendant in Duchene was allegedly responsible for a concrete and particularized injury associated with inaccurate credit reporting.[3] Consequently, to the extent the decision in

---

[1] Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547–48, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016).

[2] *See* U.S. Ct. of App. 11th Cir. Rule 36-2.

[3] In conducting its analysis under Article III, the Duchene, court heavily relied on Perry v. Cable News Network, Inc., 854 F.3d 1336 (11th Cir. 2017). However, unlike the instant action or Duchene, the Perry court determined that the unlawful disclosure of legally protected information under the VPPA, 18 U.S.C. § 2710, is a concrete harm, comparing the private information disclosure allegations to the tort of

Duchene is correct, it is distinguishable from the instant matter - where the only allegation of injury is the conclusory and implausible allegation that "Plaintiff has been damaged." Indeed, this ungrounded allegation of "damage" is disconnected from Plaintiff's factual allegations, and does not give rise to standing under any known post-Spokeo case law.

There can be no dispute that Plaintiff impermissibly attempts to materially modify his Complaint by adding new allegations. Regarding these impermissible modifications "a Rule 12(b)(6) motion to dismiss is to be determined *only* on the facts alleged within the four corners of the complaint and the documents attached to the complaint or directly referred to in the complaint." Scottsdale Ins. Co. v. ULGM, Inc., No. 14-21084-CIV, 2014 WL 11906638, at *1 (S.D. Fla. July 14, 2014) (*citations omitted*) (*emphasis added*).[4]

Likewise, with respect to Rule 12(b)(1), a factual attack (as opposed to a facial attack) allows for the inclusion of deposition testimony and affidavits.[5] While instant Plaintiff offers neither an affidavit nor deposition testimony for consideration, it is important to point out that in deciding a factual challenge to subject matter jurisdiction, "a district court is 'free to weigh the facts' and is 'not constrained to view them in the light most favorable' to the plaintiff." Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1336 (11th Cir. 2013), *citing* Carmichael v. Kellogg, Brown & Root Servs., Inc*.,* 572 F.3d 1271, 1279 (11th Cir.2009). Indeed, plaintiff's

---

inclusion upon seclusion. Still, the Perry court found that Perry's allegations regarding his superscription did not rise to the "something more" necessary to state a claim under the VPPA. Perry, at 1344.

[4] *See also* Higgens v. Trident Asset Mgmt., LLC, No. 16-24035-CIV, 2017 WL 1230537, at *2 (S.D. Fla. Mar. 28, 2017) ("the closest Higgens comes to alleging an actual injury is when he suggests [in his opposition to defendant's motion to dismiss] Trident's failure to properly notate the debt as disputed affected his credit score… From the face of the complaint, there is simply no indication that Higgens actually suffered any harm as a result of Trident's alleged statutory violation."); Gathers v. CAB Collection Agency, Inc. No. 17-cv-00261 HEH (E.D. Va. June 22, 2017) ("Because the court's analysis is confined to the facts as pleaded in the Complaint, it cannot consider these possible credit-related injuries that Plaintiff raises for the first time in her brief.")

[5] McElmurray v. Consol. Gov't of Augusta-Richmond Cty., 501 F.3d 1244, 1247 (11th Cir. 2007); Marine Exploration Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159 (11th Cir. 2011).

attempted inclusion of these extraneous allegations further bolsters that Plaintiff failed to plead a sufficiently concrete and particularized harm that is actual and imminent (not conjectural or hypothetical) to confer Article III standing.

## II. VARIOUS GROUNDS FOR DISMISSAL ARE UNOPPOSED AND THUS ABANDONED BY PLAINTIFF

In an attempt to manufacture legal violations, Plaintiff bases his opposition on hypothetical what-if scenarios that are not supported by the allegations contained in Plaintiff's Complaint, and contain a number of glaring material omissions by Plaintiff, including the following:

1. Plaintiff does not contest or so much as mention the numerous cases cited by Defendant, in support of Defendant's argument that Plaintiff's claims must fail, because even the least sophisticated consumer knows that a debt may accrue interest. Motion to Dismiss, at 11.

2. Plaintiff does not dispute or make mention of Defendant's argument that Plaintiff has not, as a matter of law, plausibly alleged FDCPA violations under the Act's more generalized sections of 1692e and 1692e(10). Motion to Dismiss, at 19.

3. Plaintiff fails to address or dispute that courts have universally determined that a section 1692f claim cannot be the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA. Motion to Dismiss, at 19-20. Indeed, Plaintiff does not cite to a single case to support his baseless and implausible claim under section 1692f.

4. Plaintiff does not dispute or make mention of Defendant's argument that Plaintiff has not, as a matter of law, plausibly alleged an FDCPA violation under § 1692e(5). Motion to Dismiss, at 18, *citing* Madura v. Lakebridge Condo. Ass'n Inc., 382 F. App'x 862 (11th Cir. 2010).

5. Plaintiff continues to disregard Fed R. Civ. P. 8, the purpose of which is to ensure that a defendant receives fair notice of what the claim is and the grounds upon which it rest. In point of fact, Plaintiff does not dispute that his Complaint categorically fails (*and does not even attempt*) to connect the necessary proverbial dots between Plaintiff's factual allegations and his opaque legal conclusions. Motion to Dismiss, at 11.

6. Ostensibly, for strategic purposes, Plaintiff's opposition fails to address or even mention Defendant's arguments regarding Nicklaw v. Citimortgage, Inc., 839 F.3d 998, 1001 (11th Cir. 2016), which is directly on point in demonstrating that Plaintiff's complaint fails to sufficiently allege standing. Motion to Dismiss, at 7-8.[6]

Since Plaintiff has chosen not to oppose the aforementioned arguments or distinguish cases cited in Defendant's Motion to Dismiss, Plaintiff has abandoned these claims and any opposition to these arguments. Phan v. Accredited Home Lenders Holding Co., No. 309-CV-328-J-32TEM, 2010 WL 1268013, at *5 (M.D. Fla. Mar. 29, 2010) (a plaintiff's failure to respond to claims in a defendant's motion to dismiss results in dismissal of the claims as abandoned); Pharma Supply, Inc. v. Stein, No. 14-80374-CIV, 2015 WL 11422321, at *13 (S.D. Fla. Apr. 27, 2015) (silence on a matter may be construed as abandonment of the claim.); Doe v. Celebrity Cruises, 145 F. Supp. 2d 1337, 1346 (S.D. Fla. 2001) (failure to respond to an

---

[6] *See also* some of the panoply of on-point cases, citing to Nicklaw for the proposition that Article III standing requires a concrete injury (*along with causation*), even in the context of a statutory violation: Higgens v. Trident Asset Mgmt., LLC, No. 16-24035-CIV, 2017 WL 1230537 (S.D. Fla. Mar. 28, 2017); Chadee v. Ocwen Loan Servicing, LLC, 2017 WL 1050386 (M.D. Fla. Mar. 17, 2017); Freeman v. Bayview Loan Servicing, LLC, No. 8:16-CV-2038-T-27TGW, 2017 WL 897773 (M.D. Fla. Mar. 7, 2017); Khan v. United States Citizenship & Immigration Servs., No. 15-CV-23406, 2017 WL 698512 (S.D. Fla. Feb. 22, 2017); Reif v. Ocwen Loan Servicing, LLC, No. 16-81546-CIV, 2017 WL 823867 (S.D. Fla. Feb. 22, 2017); and Ballesteros v. JPMorgan Chase Bank, N.A., No. 16-CV-22386, 2016 WL 6082406 (S.D. Fla. Oct. 18, 2016).

argument, and failure to file an opposing memorandum, may be deemed sufficient for granting a motion by default.)

### III.   SAFE HARBOR LANGUAGE – PLAINTIFF'S OMISSIONS AND CONTRADICTIONS

Plaintiff opposes the Motion to Dismiss, on the premise that appropriately using the FDCPA's *safe harbor* language[7] is actually a FDCPA violation. Opposition, at 11-14. In an effort to maintain this paradoxical assertion, Plaintiff implausibly alleges that the *safe harbor* language is inapplicable because Plaintiff's utility bill is static and will not increase. Id. at 12. However, as a matter of law, even the least sophisticated consumer is aware that a debt may accrue interest. See Motion to Dismiss, 12-14. Additionally, this Court has incorporated the 7th Circuit's suggested *safe harbor* language. See Anselmi v. Shendell & Assocs., P.A., No. 12-61599-CIV, 2014 WL 5471111, at *4 (S.D. Fla. Oct. 29, 2014); and Pescatrice v. Nat'l Action Fin. Servs., Inc., No. 05-61110-CIV, 2007 WL 9611055, at *5 (S.D. Fla. May 8, 2007).

In essence, Plaintiff is asking this court to support a position that is antithetical to the FDPCA – specifically, that Aargon should not have accurately described the status of Plaintiff's delinquent utility account, thus potentially misleading the least sophisticated consumer. As articulated in Santibanez v. Nat'l Credit Sys., Inc., No. 6:16-CV-00081-AA, 2017 WL 126111, at *2 (D. Or. Jan. 12, 2017 ), "disclosure of information about interest and fees is important because its omission can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account."

### IV.   THE ALLEGED FEE DOES NOT VIOLATE OR IMPLICATE THE FDCPA

As a threshold issue, Plaintiff's opposition alleges that Defendant violated 15 U.S.C. § 1692f(1). Plaintiff's complaint, on the other hand, *never* mentions this specific allegation. As

---

[7] *See* Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000).

discussed above, a motion to dismiss is to be determined only on the facts alleged within the four corners of the complaint and the documents attached to the complaint or directly referred to in the complaint. In light of this, a complaint cannot be modified by papers filed in response to a motion to dismiss, and the Court should not consider this new allegation.

Though in anticipation of the possibility of Plaintiff amending his complaint to include a 15 U.S.C. § 1692f(1) allegation, Defendant provided the Court with analysis demonstrating the futility with a potential amendment. Motion to Dismiss, at 14-17. Defendant's analysis provides a number of directly on-point cases, including a recent Supreme Court decision, and an unambiguous interpretation of this section by the Federal Trade Commission. Instead of attempting to distinguish the authority cited by Defendant, Plaintiff cavalierly assures the Court that "[w]hether Defendant cites to case law or the commentary on the Federal Trade Commission notes, the verbiage of the § 1692f(1) is clear and exact." Opposition, at 15. Plaintiff goes on to cite three cases for the proposition that "Circuits are split on their decision in this arena…" Id. at 14. Similar to the Rule 8 issues plaguing Plaintiff's Complaint, Plaintiff makes no attempt to connect the three cited cases to his factual allegations. Furthermore, not one of the cases demonstrates a Circuit split, and all three cases are either distinguishable or improperly cited.

First, in Quinteros v. MBI Assocs., Inc., 999 F. Supp. 2d 434 (E.D.N.Y. 2014), the court actually relies on the Federal Trade Commission's commentary in concluding that a debt collector is permitted to impose a service charge if the charge is permitted by state law. Here, Defendant's Collection Letter explicitly states that the 2% fee is only a factor if (1) it is authorized by state law; and (2) if the consumer elects to incur it. What's more, the potential fee is easily and reasonably avoidable by the consumer. Also, consistent with Quinteros and all other

related decisions, as a matter of law, a potential 2% fee (if authorized by state law), is not causally connected to or as a consequence of the debt.

Second, plaintiff cites to Shami v. Nat'l Enter. Sys., in which the court found plaintiff's allegations were unsupported by any indicia or evidence, and was therefore conclusory and unsubstantiated. Id., 914 F. Supp. 2d 353, 359 (E.D.N.Y. 2012).

Finally, Plaintiff references West v. Costen, 558 F. Supp. 564 (W.D. Va. 1983), but does not provide a holding or any analysis related thereto. In West v. Costen, it was undisputed the defendant collected a service charge from multiple plaintiffs and *always* collected a $15 service charge, regardless of the amount of the check. In conclusion, beyond Plaintiff's empty citation, there is no connection between West v. Costen and the instant matter.

## V. PLAINTIFF DOES NOT ALLEGE THAT THE DEBT HAS BEEN "CHARGED OFF" AND ALSO MISAPPLIES THE LEGAL DEFINITION

Plaintiff's opposition alleges that "[b]ecause this debt has been charged off, the debt will, in fact, never increase due to the accrual of interest because it never will accrue interest." Opposition, at 11-13. However, similar to plaintiff's § 1692f(1) allegation, Plaintiff's complaint *never* mentions this allegation. Consequently, this Court should not consider this new allegation. That said, for the sake of clarity, Defendant will briefly demonstrate that this new claim is meritless, bizarre and idiosyncratic.

Plaintiff does not allege that his agreement with Colorado Spring Utilities does not allow for the imposition of interest, nor could he under applicable Rule 11 standards. Moreover, Plaintiff has cited no law suggesting that "charging off" a bad debt under accounting principles is equivalent to "discharging" or "extinguishing" that debt, and ample case law suggests otherwise. *See, e.g.,* Caldwell v. Wachovia Securities, LLC, No. 3:06–01006, 2007 WL 3036466, at *4 (M.D.Tenn. Oct. 15, 2007) ("Plaintiff has not shown that Wachovia has violated any law when it

charged-off Plaintiff's debt while simultaneously attempted to recover that debt in an arbitration proceeding."). In point of fact, a bank is required to charge-off a credit card receivable after it has been delinquent 180 days, thereby removing it from the bank's books as an asset. <u>Uniform Retail Credit Classification and Account Management Policy</u>, 65 Fed.Reg. 36903–01 (June 12, 2000). However, a utility company is not a lender nor a bank, and it is unclear why Plaintiff now "believes" that his account was "charged off." Indeed, even in the unlikely event the account was somehow "charged off," courts have held that creditors are entitled to charge post charge-off interest at a state's statutory interest rate even if interest was waived at the contractual rate. *See Grochowski v. Daniel N. Gordon, P.C.,* No. C13–343 TSZ, 2014 WL 1516586, at *3.

Furthermore, "charging off" and "writing off" are two different events.  When a bank "charges off" an account, that means the bank is acknowledging that the loan is no longer considered a producing asset.  Late fees no longer accrue, but interest does, and the borrower remains fully liable for the outstanding balance, accrued fees and accrued interest.  "Writing off" an account occurs if the bank determines it will no longer seek to recover the outstanding balance.  This usually occurs after the account has been charged off.  The result is that the borrower no longer owes the money, the debt is no longer collectable, and it would require the bank to file a 1099-C if there was debt forgiveness over $600. *See* <u>Kelly v. Wolpoff & Abramson, L.L.P.</u>, 634 F. Supp. 2d 1202, 1211 (D. Colo. 2008).

## **CONCLUSION**

For all the reasons set forth above and in the Motion to Dismiss, Defendant respectfully requests that the Court dismiss the claims asserted in Plaintiff's complaint with prejudice, together with granting such other and further relief that the Court deems necessary and proper.

Dated: June 27, 2017

    Respectfully submitted,

    /S/ Scott E. Wortman
    **Warshaw Burstein, LLP**
    By: Scott E. Wortman, Esq.
    [Admitted *Pro Hac Vice*]
    555 Fifth Avenue
    New York, NY 10017
    Telephone: (212) 984-7723
    Email: swortman@wbcsk.com

    /s/ Seth P. Robert
    Seth P. Robert
    Florida Bar No. 145696
    **BROWN ROBERT LLP**
    150 North Federal Highway, Suite 200
    Fort Lauderdale, FL 33301
    Telephone: 954.832.9400
    Facsimile: 954.832.9430
    E-Mail: srobert@brownrobert.com

    *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that the following are listed to receive Notices of Electronic Filing through CM/ECF:

Michael Jay Ringelheim, Esq.
RC Law Group, PLLC
285 Passaic Street
Hackensack, NJ 07601
Email: mringelheim@gmail.com


/s/ Seth P. Robert
Seth P. Robert
Florida Bar No. 145696
**BROWN ROBERT LLP**